UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at KNOXVILLE

| | | |
|---|---|---|
| ISHON D. HARDIN | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 3:04-cv-266 |
| | ) | 3:01-cr-023 |
| | ) | *Jordan* |
| | ) | |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM**

This is a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 filed by petitioner Ishon D. Hardin ("Hardin"). For the following reasons, the § 2255 motion will be **DENIED** and this action will be **DISMISSED**.

I. Standard of Review

This court must vacate and set aside Hardin's conviction upon a finding that "there has been such a denial or infringement of the constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack." 28 U.S.C. § 2255. To prevail under § 2255, Hardin "must show a 'fundamental defect which inherently results in a complete miscarriage of justice,' or, an error so egregious that it amounts to a violation of due process." *United*

*States v. Ferguson*, 918 F.2d 627, 630 (6th Cir. 1990) (quoting *Hill v. United States*, 368 U.S. 424, 428 (1968)).

Under Rule 8 of the Rules Governing Section 2255 Proceedings In The United States District Courts, the court is to determine after a review of the answer and the records of the case whether an evidentiary hearing is required. If the motion to vacate, the answer and the records of the case show conclusively that Hardin is not entitled to relief under § 2255, there is no need for an evidentiary hearing. *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

II.     Factual Background

Hardin was convicted by a jury of conspiracy to distribute five kilograms or more of cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. 846, and possession with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). He was sentenced to concurrent terms of imprisonment of 292 months on each conviction. Hardin's sentence was affirmed on direct appeal. *United States v. Hardin*, 75 Fed.Appx. 371 (6th Cir.), *cert. denied*, 540 U.S. 1167 (2003). In support of his § 2255 motion, Hardin alleges prosecutorial misconduct and ineffective assistance of counsel. In a supplemental pleading, Hardin also alleges that he is entitled to relief in light of the decision of the United States Supreme Court in *Blakely v. Washington*, 542 U.S. 296 (2004).

III.  Discussion

*A. Prosecutorial Misconduct*

Hardin alleges that the government knowingly used perjured and biased testimony from Hardin's coconspirators, specifically Jay Allen Bates, Kenya Shell, Malik Yelder, Dewey Anderson, Terry Griffin, and Jack Chesney. According to Hardin, these witnesses falsely testified against him in order to secure sentence reductions for themselves, and that the prosecutor encouraged the false testimony. In support of this claim, Hardin refers to the following comment by the district judge at the sentencing hearing, with respect to the testimony of Jay Allen Bates as to the amount of drugs involved: "I find it difficult to give full faith and credit to Mr. Bates' testimony." [Criminal Action No. 3:01-cr-23, Court File No. 70, Transcript of Proceedings, p. 27].

The law is well-settled that to vacate a sentence on the grounds of perjured testimony, the petitioner must prove not only that he was convicted by perjured testimony but also that the false statements were material and that the prosecuting officials at the time the testimony was used knew that it was perjured. *See, e.g., United States v. Bagley*, 473 U.S. 667, 679-80 (1985); *United States v. Farley*, 2 F.3d 645, 655 (6th Cir. 1993).

> [I]t is the knowing use by the Government of false evidence that constitutes the denial of due process. An allegation of perjury, apart from an allegation of knowing use by the Government of that perjury, constitutes no basis for habeas corpus or coram nobis relief as it alleges no error of constitutional dimensions. The credibility of witnesses is ordinarily for trial by the jury in the criminal

3

trial. False evidence and perjury are matters that may be raised on the trial and on motions for a new trial, but not in habeas corpus, Section 2255, or other post-conviction petitions.

*Hoffa v. United States*, 339 F. Supp. 388, 392 (E.D. Tenn. 1972), *aff'd*, 471 F.2d 391 (6th Cir. 1973).

As is so often the case in a drug prosecution, the witnesses against Hardin were themselves involved in the drug trade. Each witness admitted his desire to secure a sentence reduction in return for his cooperation with the government, including his testimony against Hardin. As such, the witnesses were subjected to intense cross-examination as to their bias. The witnesses' credibility was a matter for the jury to consider. *See United States v. Henley*, 360 F.3d 509, 514 (6th Cir. 2004) (noting that while the defendant challenged the credibility of the coconspirators, who had received lesser sentences in exchange for their testimony, the credibility of the coconspirators' testimony was "for the jury to decide" and it was not up to the court to "second-guess the jury's determinations"). There is nothing in the record, however, to suggest that the prosecutor knowing used perjured testimony and Hardin's claim in this regard lacks merit.

### B. Ineffective Assistance of Counsel

Hardin alleges his attorney rendered ineffective assistance of counsel by failing to object to the prosecutorial misconduct and by failing to present any proof in Hardin's

4

defense. In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court established a two-part standard for evaluating claims of ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id*. at 687.

To establish that his attorney was not performing "within the range of competence demanded of attorneys in criminal cases," *McMann v. Richardson*, 397 U.S. 759, 771 (1970), Hardin must demonstrate that the attorney's representation "fell below an objective standard of reasonableness." *Strickland v. Washington*, 466 U.S. at 687-88. In judging an attorney's conduct, a court should consider all the circumstances and facts of the particular case. *Id*. at 690. Additionally, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id*. at 689 (quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955)).

The issue is whether counsel's performance "was so *manifestly* ineffective that defeat was snatched from the hands of probable victory." *United States v. Morrow*, 977 F.2d 222, 229 (6th Cir. 1992) (*en banc*). Because he is seeking relief under § 2255, Hardin bears the

5

burden of proving by a preponderance of the evidence that his counsel was deficient. *See Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

Hardin first alleges that his attorney failed to object to the prosecutor's misconduct in presenting and arguing perjured testimony. As noted, however, the credibility of the witnesses was a question for the jury to decide and allegations of bias and perjury go to the weight, not the admissibility, of the testimony. Any objection by defense counsel would thus have been frivolous, and the failure of defense counsel to pursue frivolous motions and objections cannot constitute ineffective assistance of counsel. *United States v. Hanley*, 906 F.2d 1116, 1121 (6th Cir. 1990).

Hardin next alleges his attorney failed to present proof in his defense. He specifically refers to counsel's failure to subpoena William Bost as a witness. The issue involves a sentence enhancement Hardin received for obstruction of justice, which the Sixth Circuit affirmed.

> While Hardin was incarcerated pending trial, he was housed with Terry Griffin and Jack Chesney (previous cocaine customers of his). Griffin and Chesney both testified at trial that Hardin made a series of telephone calls from the jail and testified that he described those conversations to them. Griffin testified that he overheard Hardin ask William Bost to retrieve one kilogram of cocaine from Hardin's house and move it before the police could locate it. He also testified that Hardin told him that Bost found the cocaine and sold it. Hardin later told Griffin that Bost had been caught by the police with one and one-half kilograms of cocaine. Chesney testified that Hardin told him that he was instructing an associate to move a kilogram of cocaine that he had hidden in a wall in his house.
>
> Officer Chris Bell of the Knoxville Police Department became aware, through Griffin and Chesney, that Hardin was making incriminating telephone calls. He instructed jail personnel to place all of defendant's routinely recorded

> conversations on compact disc. Bell testified that he listened to these conversations later. He testified that he heard Hardin give detailed directions to his girlfriend, Travice Bost, and to William Bost regarding where they could find money inside his house. Bell testified that he believed "money" to be a code word for cocaine. Fellow Task Force member Rick Calcagno also testified that he heard Hardin give instructions to Travice, William, and William's aunt, Claudia Bost, regarding how to find the hidden cocaine. Finally, Calcagno testified that he heard a conversation between Hardin and William Bost, and one between Hardin and Travice Bost, in which it was strongly implied that "money" was indeed a code word for cocaine.

*United States v. Hardin*, 75 Fed.Appx. at 373-74. As a result of this evidence, Hardin received a two-level increase for obstruction of justice under U.S.S.G. § 3C1.1.

Hardin alleges that, had counsel subpoenaed William Bost, Mr. Bost would have testified that the one and one-half kilograms of cocaine he was caught with had nothing to do with Hardin. Hardin relies on statements made by defense counsel at sentencing that counsel was prepared to provide an affidavit from William Bost to that effect. [Criminal Action No. 3:01-cr-23, Court File No. 70, Transcript of Proceedings, pp. 12-13].

The record does not contain an affidavit from William Bost or any other evidence as to what Mr. Bost would have testified. The court notes that William Bost, upon his plea of guilty, was convicted of distribution of five grams or more of cocaine base (crack) and possession with intent to distribute 500 grams or more of cocaine hydrochloride. *United States v. Bost*, Criminal Action No. 3:01-cr-20 (E.D. Tenn. October 2, 2001) (Judgment of Conviction). At the time of his arrest, Mr. Bost was in possession of one and one-half kilograms of cocaine. [*Id.*, Court File No. 34, Stipulation of Facts, p. 3, ¶ 4].

Had Mr. Bost been subpoenaed as a witness, he would have had to explain where he obtained the one and one-half kilograms of cocaine in his possession at the time of his arrest. If Mr. Bost had testified that the cocaine had nothing to do with Hardin, his testimony would have been contradicted by Hardin's recorded telephone conversations as testified to by Officer Bell. In addition, had Bost testified that he only removed money from Hardin's house, as Hardin argued on direct appeal, "it is likely that the money would be evidence of a crime, and [Hardins'] instructions would still constitute obstruction of justice." *United States v. Hardin*, 75 Fed.Appx. at 374. Under the circumstances, Hardin has failed to demonstrate that his attorney's failure to subpoena William Bost as a witness was unreasonable trial strategy or was prejudicial to the defense.

Based upon the foregoing, Hardin has failed to state a claim of ineffective assistance of counsel under the standard set forth in *Strickland*.

## C. Blakely

In his traverse to the government's response to the § 2255 motion, Hardin alleges his sentence should be vacated pursuant to the U.S. Supreme Court decisions in *Blakely v. Washington*, 542 U.S. 296 (2004). At this time, there is no reason to apply *Blakely* retroactively to a § 2255 motion such as Hardin's. *See, e.g., In Re Dean*, 375 F.3d 1287 (11th Cir. 2004). "No court has yet determined whether *Blakely* created a new rule of constitutional law made retroactive to cases on collateral review." *Id*. at 1290 (citation

omitted). In addition, any claim pursuant to *Blakely* is now governed by the Supreme Court's intervening decision in *United States v. Booker*, 543 U.S. 220 (2005), which applied the reasoning in *Blakely* to the federal sentencing guidelines.

In *Booker*, the Court noted that its holding should be applied "to all cases on direct review." 543 U.S. at 268. The Court did not state that the holding should be applied retroactively on collateral review of cases in which the judgment has become final. In fact, the Court quoted *Griffith v. Kentucky*, 479 U.S. 314, 328 (1987), for the proposition that "'a new rule for the conduct of criminal prosecutions is to be applied retroactively to all cases ... pending on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past.'" *Id*. The Sixth Circuit has held that *Booker* "does not apply retroactively in collateral proceedings." *Humphress v. United States*, 398 F.3d 855, 860 (6th Cir.), *cert. denied*, 126 S. Ct. 199 (2000).

IV.  Conclusion

Hardin is not entitled to relief under § 2255 and his motion to vacate, set aside or correct sentence will be **DENIED**. This action will be **DISMISSED**. In addition to the above, this court **CERTIFIES** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this court will **DENY** Hardin leave to proceed *in forma pauperis* on appeal. *See* Rule 24 of the Federal Rules of Appellate Procedure. Hardin having failed to make a substantial showing of the denial of a

constitutional right, a certificate of appealability **SHALL NOT ISSUE**. 28 U.S.C. § 2253; Rule 22(b) of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Leon Jordan  
United States District Judge